UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL T. GRANT LOVE,

        Plaintiff,

v.

WILLIAM RANDOLPH JUNE and the
PINELLAS PARK POLICE DEPARTMENT,

        Defendants.

_____/

Case No. 3:21-cv-12621

ROBERT H. CLELAND
U.S. DISTRICT JUDGE

CURTIS IVY, JR.
U.S. MAGISTRATE JUDGE

**ORDER TRANSFERRING CASE TO THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

    Plaintiff Daniel T. Grant Love recently filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is confined at the Pinellas County Jail in Clearwater, Florida. (*Id*. at PageID.1.) The defendants are William Randolph June of Pinellas Park, Florida, and the Pinellas Park Police Department. (*Id*. at PageID.1-2.)

    Plaintiff alleges that, on April 4, 2020, defendant June beat him with a baseball bat while he was passed out on drugs in an abandoned trailer in Pinellas, Florida, and June's girlfriend falsely accused Plaintiff of raping her. (*Id*. at PageID.3-4.) Plaintiff claims that the Pinellas County Jail refused to provide him with medical treatment for two weeks, and June should have been charged with attempted murder.

(*Id*. at PageID.4.)  Plaintiff seeks money damages from the Pinellas Park Police Department and to have criminal charges brought against June.  (*Id*. at PageID.6.)

A preliminary question is whether this district is the proper venue for Plaintiff's complaint.  A civil action may be filed in:  (1) a judicial district where any defendant resides, if all the defendants are residents of the State in which the district is located; (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction.  28 U.S.C. § 1391(b).  For the convenience of parties and witnesses, and in the interest of justice, a federal district court may transfer a civil action to any district where the action could have been brought.  28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) (authorizing district courts in the interest of justice to transfer a case laying venue in the wrong district to any district where it could have been brought).

This cause of action arose in Pinellas County, Florida.  In addition, defendant June allegedly resides there, and the Pinellas County Jail is located there.  Pinellas County, Florida lies within the geographical borders for the Federal District Court for the Middle District of Florida.  *See* 28 U.S.C. § 89(b).  The proper venue for this action, therefore, is the United States District Court for the Middle District of

Florida. Accordingly, in the interest of justice and for the convenience of the parties and potential witnesses,

**IT IS ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Middle District of Florida at Tampa, Florida. The Court has not screened Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), nor determined whether Plaintiff may proceed without prepaying the fees and costs for this action.


/s/ David R. Grand
DAVID R. GRAND
UNITED STATES EXECUTIVE MAGISTRATE JUDGE

Dated: 11/17/2021